IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FRANK DOSS                                                                                    PLAINTIFF

V.                                                                                         1:06cv8-M-D

ASHLEY FURNITURE INDUSTRIES, INC.                                              DEFENDANT
_____
## MEMORANDUM OPINION

This cause comes before the Court on the motion [34] of the Defendant, Ashley Furniture Industries, Inc., seeking summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151.

In order to establish a *prima facie* case under the Age Discrimination in Employment Act of 1967 (ADEA) a plaintiff mush show: (1) they are a member of the protected class of individuals over forty years of age; (2) they were otherwise qualified for the job in question; (3) they were discharged; and, (4) they were either: (i) replaced by someone outside the protected class; (ii) replaced by someone younger than them; or, (iii) otherwise discharged because of their

age. *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005) (internal citations omitted). Once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for its decision. *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004). The plaintiff then has the ultimate burden to show that (1) the defendant's reason is not the true reasoning, but is instead a pretext for discrimination; or, (2) the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" was the plaintiff's protected characteristic. *Id.*; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

For the purposes of this motion, the Defendant concedes that the Plaintiff can establish a *prima facie* case and the Plaintiff concedes that the Defendant can offer a legitimate non-discriminatory reason for the Plaintiff's dismissal. The Court views both concessions as being reasonable and supported by the facts and law of the case. Thus this motion turns on whether there is a genuine issue of material fact as to whether: (1) the Defendant's legitimate non-discriminatory reason is not the true reason for dismissal, but is instead a pretext for discrimination; or, (2) the Defendant's reason while true, is only one of the reasons for its conduct, and another motivating factor was the Plaintiff's protected characteristic. The Supreme Court has defined how this process should work in the confines of a Title VII race-based discrimination action:

> The defendant's "production" (whatever its persuasive effect) having been made, the trier of fact proceeds to decide the ultimate question: whether plaintiff has proven "that the defendant intentionally discriminated against [him]" because of his race, The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination, and the Court of Appeals was correct when it noted that, upon such rejection, "[n]o additional proof of discrimination is *required*," But the Court of Appeals' holding that rejection of the defendant's proffered reasons *compels* judgment for the plaintiff disregards the fundamental principle of Rule 301 that a presumption does not

shift the burden of proof, and ignores our repeated admonition that the Title VII plaintiff at all times bears the "ultimate burden of persuasion."

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993) (quoting *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Hicks v. St. Mary's Honor Center*, 970 F.2d 487, 493 (8th Cir. 1992) (emphasis added) (reversed by *Hicks*, 509 U.S. 502)) (internal citations and footnote omitted). Thus once the Plaintiff has produced evidence of discrimination and has shown a genuine factual dispute as to the proffered legitimate reason for dismissal, there exists a genuine issue of material fact.

In the present action there exists evidence that the Defendant's proffered legitimate reason is either not true or is true, but was used in combination with discriminatory intent based on age as it relates to the Defendant's discharge decision.

There is a genuine factual issue as to whether the Plaintiff's performance was actually equal to the other supervisor considered for termination or was based on discriminatory intent. While the parties dispute the level of additional responsibilities that the Plaintiff undertook in addition to the other supervisor's responsibilities, a reasonable jury might conclude that the Plaintiff was a more skilled or better employee than the other supervisor. A reasonable jury might further infer from the evidence that the Defendant was aware of this difference. This reasonable conclusion could allow a jury to infer that the Defendant did not legitimately decide to lay off the Plaintiff for the stated reasons, but instead made its decision because of age based discrimination. It is not enough for the Plaintiff to show that his performance was actually better than the other supervisor's performance, but instead the Plaintiff must show that the Defendant did not legitimately evaluate the performance and instead simply used this false evaluation as pretext for a discriminatory discharge. *See, e.g. Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is

whether the decision was made with discriminatory motive."). Here the Plaintiff relies not on speculative evidence that goes towards a subjective decision, but instead on direct evidence of additional responsibilities which were clearly known to the individual making the decision of which employee to lay off. Thus a reasonable jury might conclude that the Defendant ignored the realities of the situation because of its desire to intentionally discriminate against the Plaintiff.

Further the Plaintiff creates a genuine factual issue as to whether a second shift supervisor (whom the Defendant asserts was not considered for a lay off) should have been considered, as that employee had substantially the same job duties as the Plaintiff and significantly less tenure. It may be true that the decision was legitimately only between the Plaintiff and the other first shift supervisor, however, taking all facts in the light most favorable to the Plaintiff, it is possible for a reasonable jury to believe that the second shift supervisor's retention signals a discriminatory intent by the Defendant. It is not enough to show that the second shift supervisor should have been considered, but instead it must be shown that he was not considered because the Defendant wanted to terminate the Plaintiff's employment because of discriminatory intent. Courts do not have the power to second guess employment decisions, but the ADEA does give courts the power to cure age based discrimination. To the extent that the decision not to include the second shift supervisor in the group of employees considered for lay off goes to the pretext of the Defendant's decision to terminate the Plaintiff it is relevant and probative for determining the Defendant's true motives. While perhaps not conclusive, even taken in the light most favorable to the Plaintiff, this failure to consider the second shift supervisor may allow an inference that goes to discriminatory intent.

Finally, the Plaintiff's treatment following his termination raises a factual dispute as to

the reason for that termination.  The Plaintiff contacted the Defendant in regards to advertised supervisory positions, but after originally telling the Plaintiff they would get back to him about the positions they never contacted the Plaintiff again in regards to those openings.  It is undisputed that the Plaintiff was told that he might be rehired and that the Plaintiff failed to submit a new job application.  Thus alone this post-lay off treatment might not be enough to raise a genuine issue to be determined by a jury.  However, this treatment does offer at least some minimal evidence that a jury might use to reasonably infer goes to the Defendant's alleged discriminatory intent.  A reasonable jury's belief that some combination of these facts should be determined in favor of the Plaintiff would all that jury to find that the Defendant's proffered reason was simply pretext for intentional discrimination.

These three areas of factual dispute in combination with the undisputed facts, for the purposes of this motion, that Doss is within a protected class, was otherwise qualified for the position of packing supervisor, and was laid off while a younger employee was retained in the same position, create a genuine issue of material fact as to whether the Defendant committed intentional age discrimination in laying off the Plaintiff.  Thus summary judgment would be improper under this factual scenario.  The Defendant's motion for summary judgment is DENIED.

It is so ordered.

This the 1st day of October, 2007.

                                       **/s/ Michael P. Mills**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **NORTHERN DISTRICT OF MISSISSIPPI**